Michael D. Adams (SBN 185835)
madams@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff
AMERICAN AUTOMOBILE ASSOCIATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION, INC., a Connecticut corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TORCH LITE INN, an entity of unknown form; PRAVIN PATEL, an individual; and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO. 4:15-CV-02002-EMC<br><br>**[PROPOSED] ORDER GRANTING STIPULATION FOR PERMANENT INJUNCTION** |

Pursuant to the Stipulation for Permanent Injunction entered into by and between plaintiff AMERICAN AUTOMOBILE ASSOCIATION, INC. ("Plaintiff" or "AAA"), by and through its counsel, on the one hand, and GOPALJI HOSPITALITY, LLC, a California limited liability company doing business as defendant TORCH LITE INN ( "Defendant"), on the other hand. AAA and Defendant are collectively referred to herein as the "Parties".

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Defendant, its officers, members, directors, partners, agents, servants, employees, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, will be permanently enjoined from using the designation "AAA" or any other name or mark incorporating Plaintiff's service marks, either alone or in combination with other words or symbols, in the marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with any tourist accommodations and other related services at any locality in the United States;

2. Defendant, its officers, members, directors, partners, agents, servants, employees, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, will be permanently enjoined from using the designation "AAA" or any other name or mark incorporating Plaintiff's service marks in any form or manner that would tend to identify or associate Defendant's businesses or services with Plaintiff in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

3. Defendant, its officers, members, directors, partners, agents, servants, employees, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, will be permanently enjoined from referring

to their businesses as “triple A approved” (either orally or in writing) in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

4. Defendant, its officers, members, directors, partners, agents, servants, employees, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, will be permanently enjoined from representing to anyone (either orally or in writing) that their businesses are affiliated with Plaintiff in any way or is an AAA agent or contractor unless their businesses are approved by Plaintiff to be an AAA agent or contractor;

5. Defendant will deliver to Plaintiff's attorney within fifteen (15) days after entry of this injunction, to be impounded or destroyed by Plaintiff, all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other items in their possession or control that contain the infringing designation “AAA” or any other name or mark incorporating Plaintiff's service marks, either alone or in combination with other words and symbols;

6. Defendant will remove from its business premises within fifteen (15) days after entry of this injunction, all instances of the “AAA” designation (if any), and to destroy all molds, plates, masters, or means of creating the infringing items;

7. Defendant will instruct, within fifteen (15) days after the entry of this injunction, any print directory, Internet directory, or website that they have caused to carry the AAA mark, including, without limitation, any reference to the “AAA” designation or other infringing designation, to cease using such names at the earliest possible date;

8. Defendant will file with the Clerk of this Court and serve Plaintiff, within thirty (30) days after the entry of this injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with 1 through 7 above.

9. Nothing contained herein shall be construed to prevent or prohibit Defendant from applying to Plaintiff at a future date for approval or listing by Plaintiff pursuant to all of Plaintiff's rules, regulations, and requirements as they may exist at the time of any such future application. If Plaintiff, in its sole discretion, approves any such application for approval or listing, then this Stipulated Injunction shall be of no further force or effect.

10. Plaintiff will file a Notice of Dismissal within (5) days of Plaintiff receiving a satisfactory written report from Defendant pursuant to Paragraph 8 herein.

11. The Court shall retain jurisdiction over this matter subsequent to the filing of the Notice of Dismissal for the purpose of enforcing this injunction.

IT IS SO ORDERED.

Dated: June 23, 2015

UNITED STATES DISTRICT COURT JUDGE